﻿Citation Nr: 19158994
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 13-32 887
DATE: July 30, 2019

REMANDED

Service connection for a lower back disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from June 1984 to April 1988, with additional subsequent reserve service. 

She testified as to this matter during an April 2013 Decision Review Officer (DRO) hearing. A transcript of this proceeding has been associated with the record. This appeal was then remanded by the Board in October 2017. 

Although the Board sincerely regrets the additional delay this will cause, further development is necessary prior to the adjudication of this appeal.

First, as noted in the Board’s previous remand, the Veteran’s service treatment records were initially deemed unavailable. The Veteran subsequently provided copies of her service treatment records, though it is not clear at this point whether they are complete. As these records are paramount to a determination of the service connection appeal, on remand, VA must make a second attempt to obtain any possible service treatment records for the Veteran and associate any such records obtained with her claims file. 

Further, the Veteran underwent a VA examination in November 2017. However, the accompanying nexus opinion is inadequate for several reasons, including: the examiner’s assessment that the Veteran’s in-service back condition was “acute” despite her testimony as to chronic and continuing pain; the examiner’s failure to address the Veteran’s history of an in-service lumbar puncture/spinal tap; and the examiner’s inaccurate citation to a note regarding recurrent back pain on the Veteran’s entrance examination. Thus, a remand is now warranted such that an adequate examination may be obtained. 

The matter is REMANDED for the following actions:

1. Obtain and associate with the claims file a complete copy of the Veteran’s service treatment records. All actions to obtain the requested records should be fully documented in the record and should include a revised PIES request. If they cannot be located or no such records exist, the Veteran and her representative should be so notified in writing.

2. Schedule the Veteran for a VA back examination to determine the nature of her claimed disorder and its possible relationship to service. The claims file and a copy of this remand must be made available for review.

In particular, the examiner is asked to offer medical opinions as to:

 a. Identify all lower back disorders that the Veteran has been diagnosed with during the pendency of this appeal. If a diagnosis of arthritis is offered, the examiner must also indicate whether this condition onset within one year of military separation;

 b. For each diagnosed disorder, opine whether it is at least as likely as not that the disorder began in service, was caused by service, or is otherwise related to service, including: the Veteran’s duties as a Boatswain’s Mate; chronic back pain following the May 1986 birth of her daughter; and a June 1986 in-service lumbar puncture/spinal tap.

 In doing so, the examiner must account for the Veteran’s testimony regarding the chronicity of her back pain since service, to include as documented in the April 2013 hearing transcript.

A complete rationale should be provided for all opinions or conclusions expressed. It should be noted that the Veteran is competent to attest to observable symptomatology. 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. Kovarovic, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.